## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

**DANIEL TRUELOVE AND
CHRISTINA HENDRIX**
Individually and as Co-Special
Representatives and Co-Special
Administrators of the **ESTATE OF
AUDRIA TRUELOVE**, deceased,

      Plaintiffs,

v.

**UNITED VAN LINES, LLC**

and

**UNIGROUP, C.A.**

**and**

**PLANES MOVING AND STORAGE,
INC.**

and

**RAHSHAWN S. JORDAN**

      Defendants.

Case No.: 3:20-CV-791

Judge

**COMPLAINT WITH JURY DEMAND
ENDORSED HEREON**

Michael Jay Leizerman (6323522)
Leizerman & Young
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8828
michael@leizermanyoung.com

*Attorney for Plaintiffs*

Plaintiffs Daniel Truelove and Christina Hendrix, as Co-Personal Representatives of the Estate of Audria Truelove, deceased, by and through Plaintiffs' attorney, file this Complaint and Jury Demand against the Defendants and state as follows:

## OVERVIEW

1.      Defendant Rahshawn Jordan is a severe asthmatic.  He has four or five asthma attacks every day.  He must use an inhaler to stop the attacks.  Before the fatal crash that is the subject of this complaint, he had a severe asthma attack in his truck in which he felt his eyes roll back into his head and his lungs come to a halt and for which paramedics were called to rescue him. Despite his illness and knowing the risks of it, on February 23, 2019, he was working as a commercial truck driver driving a tractor trailer for Defendants United Van Lines, LLC, UniGroup, C.A., and Planes Moving and Storage, Inc. At about 8:20 a.m. while he was driving the tractor-trailer southbound on Illinois Route 1, just south of Ernst Road in Darwin Township, Clark County, Illinois, he had another severe asthma attack, but he did not place his inhaler where it was immediately available.

2.      Rahshawn Jordan abruptly brought the truck to a stop or near stop so he could grab his inhaler and use it. Nineteen year old Audria Truelove was driving in her car behind the tractor trailer.  She attempted to steer left but there was not sufficient warning for her to avoid hitting the semi-trailer. Ms. Truelove's vehicle was entangled under the rear of the semi-trailer, caught fire and she died as a result.

## THE PARTIES

3.     Audria Truelove was a resident citizen of the State of Illinois. On or about August 11, 2020, the Circuit Court for the Fifth Judicial Circuit Court of Clark County, Marshall, Illinois, case number 2020P12 qualified and appointed her parents, Plaintiffs Daniel Truelove and Christina Hendrix, as Co-Personal Representatives of the Estate of Audria Truelove under 755 ILCS 5/9-2. *A copy of the Order Appointing Co-Special Representatives is attached as* ***Exhibit A.***

4.     Defendant United Van Lines, LLC ("United Van Lines") is a Missouri company with its principal place of business at One Premier Drive Fenton, Missouri, 63026 (also known as One United Drive, Fenton, Missouri, 63026). United Van Lines is a for-hire motor carrier operating motor vehicles transporting property in interstate commerce and is registered with the Federal Motor Carrier Safety Administration (USDOT number 77949) and has designated Patrick H. Smith, Patrick H. Smyth & Associates, located at 105 West Madison Street #901, Chicago, IL 60602 as its agent for service of process under 49 C.F.R. § 366.

5.     Defendant UniGroup, C.A., a Missouri cooperative association, is located on the same campus and at the same location as United Van Lines, LLC's, and it does business as United Van Lines, LLC.  UniGroup, C.A. is owned by various "agents" including Defendant Planes Moving and Storage, Inc. (or its principals). UniGroup, C.A. is, by virtue of its merger with UniGroup, Inc., a for-hire motor carrier operating motor vehicles transporting

property in interstate commerce and is registered with the Federal Motor Carrier Safety Administration (USDOT number 756209) and has designated CT Corporation System, 120 South Central Avenue, Clayton, MO, 63015-0000, and 208 La Salle Street, Chicago, IL, 60604-0000 as its agent for service of process under 49. C.F.R. Sec. 366.   UniGroup, C.A. and/or United Van Lines LLC both provide to their hauler agents all of the following: "move managers," claims and loss prevention systems, truck driver recruiting, dispatching, technology, marketing, sales leads, procurement, purchasing, financing of tractors and trailers, tractor leasing services through its "TransAdvantage" lease program with Penske, training, safety programs, and use of the United Van Lines or Mayflower USDOT operating authority.

6.     Defendant Planes Moving and Storage, Inc. ("Planes Moving and Storage") is an Ohio company with its principal place of business in West Chester, Ohio. Planes Moving and Storage is a for-hire motor carrier operating motor vehicles transporting property in interstate commerce and is registered with the Federal Motor Carrier Safety Administration (USDOT number 247584) and has designated Patrick H. Smith, Patrick H. Smyth & Associates, located at 105 West Madison Street #901, Chicago, IL 60602 as its agent for service of process under 49 C.F.R. § 366.  Planes Moving and Storage is a party to an "agency agreement" with Defendants UniGroup and United Van Lines and, pursuant to that agreement, provides transportation under United Van Lines' federal motor carrier authority.  As an agent, Planes Moving and Storage is required to comply with all of UniGroup's and United Van Lines'

policies and procedures.  Pursuant to the agency agreement, United Van Lines and UniGroup control rates and charges to customers and compensation for Planes Moving and Storage and can penalize Planes Moving and Storage for non-compliance with United Van Lines and UniGroup's policies, including the Agency Manual and Agency Resource Manual and Agency Resource Guide (and the current iterations of these).  Planes Moving and Storage may enter into independent owner agreements with drivers but must do so only on forms approved by United Van Lines and/or UniGroup. Planes Moving and Storage may not use drivers that are disqualified pursuant to United Van Lines and/or UniGroup's "disqualification policies." Planes Moving and Storage or its principals have direct or indirect ownership and control over UniGroup, C.A. and United Van Lines LLC and are parties to various agreements between and among each other.

7.    Defendant Rahshawn Jordan was operating a commercial motor vehicle (2014 Volvo Tractor) on the highway in the transportation of property and is a resident and citizen of the State of Maryland.  He can be served with process at 7752 Overhill Road, Glen Burnie, MD 21060.

8.    Defendant Jordan has been cited for numerous motor-vehicle-related violations such as failing to have his hours of service log books up to date, failure to produce evidence of financial responsibility, expired driver license, failure to carry emergency roadside warning devices, unlawful passing, speeding, driving in a no-through trucks zone, and operating unsafe

equipment, and the other defendants knew or should have known of these violations. For many or all of these, he pled, or was determined to be, guilty.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.    Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (specifically, the fatal collision) occurred in this District.

## FIRST CAUSE OF ACTION
*Negligence—Wrongful Death Action Against Defendant Rahshawn Jordan*

11.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

12.    Plaintiffs bring this Cause of Action under Illinois' Wrongful Death Act, found at 740 ILCS 180/1 *et seq.* on behalf of, and for the benefit of, the respective survivors and Estate of Audria Truelove.

13.    On or about February 23, 2019, driver Defendant Rahshawn Jordan was driving a United Van Lines' tractor-trailer southbound on Illinois Route 1 near Ernst Road in Clark County, Illinois.

14.    Defendant Rahshawn Jordan slowed significantly or stopped while still driving in the southbound lane due to his asthma attack.

15.    Audria Truelove was driving her Chrysler automobile in the southbound lane behind Defendant Rashawn Jordan.

16.   Audria Truelove tried steering to the left but was unable to avoid striking Defendants' trailer.

17.   Audria Truelove's vehicle went under the trailer and caught fire.

18.   Audria Truelove was killed as a result of the negligent and reckless conduct of the Defendants.

19.   Defendant Rahshawn Jordan had a duty to:

   a.  drive his semi-tractor trailer in a safe and reasonable manner,

   b.  obey all traffic laws including not driving too slowly as required by 625 ILCS 5/11-606,

   c.  obey all Federal Motor Carrier Safety Regulations including not driving when ill or impaired as required by 49 C.F.R. Sec. 392.3,

   d.   maintain his lane of travel as required by 625 ILCS 5/11-701,

   e.   not stop on the road as required by 625 ILCS 5/11-1301,

   f.    maintain control of the tractor-trailer,

   g.  drive while not distracted,

   h.  not drive or cease driving his semi-tractor trailer if he could not drive in a safe and reasonable manner due to sickness.

20.   On February 23, 2019, Defendant Rahshawn Jordan failed in the above-mentioned duties and is therefore negligent and negligent *per se* or *prima facie* negligent.

21.   Defendant Rahshawn Jordan's negligence was a direct and proximate cause of Audria Truelove's injuries and death.

22.    As a direct and proximate result of the negligence of Defendant Rahshawn Jordan, Plaintiffs' next of kin have experienced pecuniary injuries resulting from such death, including damages for past and future grief, sorrow, emotional trauma and mental suffering, as well as loss of society and the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

### SECOND CAUSE OF ACTION
*Negligence—Survival Action Against Defendant Rahshawn Jordan*

23.    All allegations and causes of action in this Complaint, pled above and below are incorporated into this cause of action by reference.

24.    Plaintiffs bring this Cause of Action under Illinois' Survival Statute, found at 755 ILCS 5/27-6.

25.    On or about February 23, 2019, driver Defendant Rahshawn Jordan was driving a United Van Lines' tractor-trailer southbound on Illinois Route 1 near Ernst Road in Clark County, Illinois.

26.    Defendant Rahshawn Jordan slowed significantly or stopped while still driving in the southbound lane due to his asthma attack.

27.    Audria Truelove was driving her 2014 Chrysler 340 automobile in the southbound lane behind Defendant Rashawn Jordan.

28.    Audria Truelove tried steering to the left but was unable to avoid striking Defendants' trailer.

29.    Audria Truelove's vehicle went under the trailer and caught fire.

30.     Audria Truelove was killed as a result of the negligent and reckless conduct of the Defendants.

31.     Defendant Rahshawn Jordan had a duty to:

   a.  drive his semi-tractor trailer in a safe and reasonable manner,

   b.  obey all traffic laws including not driving too slowly as required by 625 ILCS 5/11-606,

   c.  obey all Federal Motor Carrier Safety Regulations including not driving when ill or impaired as required by 49 C.F.R. Sec. 392.3,

   d.   maintain his lane of travel as required by 625 ILCS 5/11-701,

   e.   not stop on the road as required by 625 ILCS 5/11-1301,

   f.    maintain control of the tractor-trailer,

   g.  drive while not distracted,

   h.  not drive or cease driving his semi-tractor trailer if he could not drive in a safe and reasonable manner due to sickness.

32.     On February 23, 2019, Defendant Rahshawn Jordan failed in the above-mentioned duties and is therefore negligent and negligent *per se* or *prima facie* negligent.

33.     Defendant Rahshawn Jordan's negligence was a direct and proximate cause of Audria Truelove's injuries and death.

34.     As a direct and proximate result of the negligence of Defendant Rahshawn Jordan, Audria Truelove experienced terror and conscious anguish, suffering and pain prior to her death.

35.     As a direct and proximate result of the negligence of Defendant Rahshawn Jordan, Audria Truelove's property and personal effects, including her vehicle, clothing and other personal effects, were damaged and destroyed.

### THIRD CAUSE OF ACTION
*Vicarious Liability of Defendant United Van Lines*

36.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

37.     At all relevant times, Defendant Rahshawn Jordan was the employee, agent, servant, or independent contractor for Defendant United Van Lines. Defendant Rahshawn Jordan was in the course and scope of his employment at the time of the fatal collision—or in the alternative, under the control of—United Van Lines. Accordingly, Defendant United Van Lines is vicariously liable for the acts of Defendant Rahshawn Jordan as described action herein.

38.     At all relevant times, Defendant Planes Moving and Storage was the agent or servant Defendant United Van Lines.  Defendant Planes Moving and Storage was in the course and scope of its agency and servanthood at the time of the fatal collision—or in the alternative, under the control of United Van Lines.  Accordingly, Defendant United Van Lines is vicariously liable for the acts of Planes Moving and Storage as described herein.

39.     At all relevant times, United Van Lines and UniGroup and/or Planes Moving and Storage were joint venturers or partners of each other in the business of trucking goods and property for profit because of the unique cooperative corporate structure of UniGroup, because of the agency agreement,

and because independent agents (or their principals) are owners and sharers of profits of United Van Lines and UniGroup pursuant to the ownership structure and relationships between and among them and similarly situated agents and, therefore, each of them and the partnership or joint venture consisting of each of them is liable for the negligence of any of them committed in the ordinary course of the business of the joint venture or partnership or with authority from any of them.

40.    At all relevant times, as to Plaintiffs and the general public, United Van Lines and UniGroup are alter egos of each other and their purported separate identities can be disregarded and each and both of them are liable for the acts committed by either of them and for the negligence of the employees, agents, and servants of either of them.

41.    Regardless of the employment or agency relationship, Defendant United Van Lines is an interstate motor carrier and is registered with the United States Department of Transportation and is holder of USDOT number 77949 and is therefore responsible for the acts of the defendant driver.

**FOURTH CAUSE OF ACTION**
*Negligence—Wrongful Death of Defendant United Van Lines*

42.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

43.    Plaintiffs bring this Cause of Action under Illinois' Wrongful Death Statute, found at 740 ILCS 180/1 *et seq.* on behalf of, and for the benefit of, the respective survivors and Estate of Audria Truelove.

11

44.    Defendant United Van Lines had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant United Van Lines had a duty to exercise reasonable care in all its actions and omissions.

45.    Defendant United Van Lines had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

46.    Defendant United Van Lines had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

47.    Defendant United Van Lines failed in the above-mentioned duties and was therefore negligent.

48.    Defendant United Van Lines' negligence was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

49.    As a direct and proximate result of the negligence of Defendant United Van Lines, Plaintiffs' next of kin have experienced pecuniary injuries resulting from such death, including damages for past and future grief, sorrow, emotional trauma and mental suffering, as well as loss of society and the

mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

## FIFTH CAUSE OF ACTION
*Negligence—Survival Action Against Defendant United Van Lines*

50.    All allegations and causes of action in this Complaint, pled above and below are incorporated into this cause of action by reference.

51.    Plaintiffs brings this Cause of Action under Illinois' Survival Statute, found at 755 ILCS 5/27-6.

52.    Defendant United Van Lines had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant United Van Lines had a duty to exercise reasonable care in all its actions and omissions.

53.    Defendant United Van Lines had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

54.    Defendant United Van Lines had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

55.    Defendant United Van Lines failed in the above-mentioned duties and was therefore negligent.

56.    Defendant United Van Lines' negligence was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

57.    As a direct and proximate result of the negligence of Defendant United Van Lines, Audria Truelove experienced terror and conscious anguish, suffering and pain prior to her death.

58.    As a direct and proximate result of the negligence of Defendant United Van Lines, Audria Truelove's property and personal effects, including her vehicle, clothing and other personal effects, were damaged and destroyed.

### SIXTH CAUSE OF ACTION
*Vicarious Liability of Defendant Planes Moving and Storage*

59.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

60.    At all relevant times, Defendant Rahshawn Jordan was the employee, agent, servant, or independent contractor for Defendant Planes Moving and Storage. Defendant Rahshawn Jordan was in the course and scope of his employment at the time of the fatal collision—or in the alternative, under the control of—Planes Moving and Storage. Accordingly, Defendant Planes Moving and Storage is vicariously liable for the acts of Defendant Rahshawn Jordan as described in the causes of action above.

61.    At all relevant times, United Van Lines and UniGroup and/or Planes Moving and Storage were joint venturers or partners of each other in the business of trucking goods and property for profit because of the unique cooperative corporate structure of UniGroup, because of the agency agreement, and because independent agents (or their principals) are owners and sharers of profits of United Van Lines and UniGroup pursuant to the ownership structure and relationships between and among them and similarly situated agents and, therefore, each of them and the partnership or joint venture consisting of each of them is liable for the negligence of any of them committed in the ordinary course of the business of the joint venture or partnership or with authority from any of them.

62.    Regardless of the employment or agency relationship, Defendant Planes Moving and Storage is an interstate motor carrier and is registered with the United States Department of Transportation and is the holder of USDOT number 247584 and is therefore responsible for the acts of the defendant driver.

**SEVENTH CAUSE OF ACTION**
*Negligence—Wrongful Death of Defendant Planes Moving and Storage*

63.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

64.    Plaintiffs bring this Cause of Action under Illinois' Wrongful Death Statute, found at 740 ILCS 180/1 *et seq.* on behalf of, and for the benefit of, the respective survivors and Estate of Audria Truelove.

65.     Defendant Planes Moving and Storage had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Planes Moving and Storage had a duty to exercise reasonable care in all its actions and omissions.

66.     Defendant Planes Moving and Storage had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

67.     Defendant Planes Moving and Storage had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

68.     Defendant Planes Moving and Storage failed in the above-mentioned duties and was therefore negligent.

69.     Defendant Planes Moving and Storage's negligence was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

70.     As a direct and proximate result of the negligence of Defendant Planes Moving and Storage, Plaintiffs' next of kin have experienced pecuniary injuries resulting from such death, including damages for past and future grief, sorrow, emotional trauma and mental suffering, as well as loss of society and the

mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

## EIGHTH CAUSE OF ACTION

*Negligence—Survival Action Against Defendant Planes Moving & Storage*

71.     All allegations and causes of action in this Complaint, pled above and below are incorporated into this cause of action by reference.

72.     Plaintiffs bring this Cause of Action under Illinois' Survival Statute, found at 755 ILCS 5/27-6.

73.     Defendant Planes Moving and Storage had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Planes Moving and Storage had a duty to exercise reasonable care in all its actions and omissions.

74.     Defendant Planes Moving and Storage had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

75.     Defendant Planes Moving and Storage had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

76.    Defendant Planes Moving and Storage failed in the above-mentioned duties and was therefore negligent.

77.    Defendant Planes Moving and Storage was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

78.    As a direct and proximate result of the negligence of Defendant Planes Moving and Storage, Audria Truelove experienced terror and conscious anguish, suffering and pain prior to her death.

79.    As a direct and proximate result of the negligence of Defendant Planes Moving and Storage, Audria Truelove's property and personal effects, including her vehicle, clothing and other personal effects, were damaged and destroyed.

## NINTH CAUSE OF ACTION
### *Vicarious Liability of Defendant UniGroup, C.A.*

80.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

81.    At all relevant times, Defendant Rahshawn Jordan was the employee, agent, servant, or independent contractor for Defendant UniGroup. Defendant Rahshawn Jordan was in the course and scope of his employment at the time of the fatal collision—or in the alternative, under the control of—UniGroup. Accordingly, Defendant UniGroup is vicariously liable for the acts of Defendant Rahshawn Jordan as described in the causes of action above.

82.     At all relevant times, Defendant Planes Moving and Storage was the agent or servant Defendant UniGroup.  Defendant Planes Moving and Storage was in the course and scope of its agency and servanthood at the time of the fatal collision—or in the alternative, under the control of UniGroup. Accordingly, Defendant UniGroup is vicariously liable for the acts of Planes Moving and Storage.

83.     At all relevant times, Defendant United Van Lines was the agent or servant Defendant UniGroup.  Defendant United Van Lines was in the course and scope of its agency and servanthood at the time of the fatal collision—or in the alternative, under the control of UniGroup.   Accordingly, Defendant UniGroup is vicariously liable for the acts of United Van Lines.

84.     At all relevant times, United Van Lines and UniGroup and/or Planes Moving and Storage were joint venturers or partners of each other in the business of trucking goods and property for profit because of the unique cooperative corporate structure of UniGroup, because of the agency agreement, and because independent agents (or their principals) are owners and sharers of profits of United Van Lines and UniGroup pursuant to the ownership structure and relationships between and among them and similarly situated agents and, therefore, each of them and the partnership or joint venture consisting of each of them is liable for the negligence of any of them committed in the ordinary course of the business of the joint venture or partnership or with authority from any of them.

85.    At all relevant times, as to Plaintiffs and the general public, United Van Lines and UniGroup are alter egos of each other and their purported separate identities can be disregarded and each and both of them are liable for the acts committed by either of them and for the negligence of the employees, agents, and servants of either of them.

## TENTH CAUSE OF ACTION
*Negligence—Wrongful Death of Defendant UniGroup*

86.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

87.    Plaintiffs bring this Cause of Action under Illinois' Wrongful Death Statute, found at 740 ILCS 180/1 *et seq.* on behalf of, and for the benefit of, the respective survivors and Estate of Audria Truelove.

88.    Defendant UniGroup had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its subsidiaries' or affiliates' federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant UniGroup had a duty to exercise reasonable care in all its actions and omissions.

89.    Defendant UniGroup had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their

vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

90.     Defendant UniGroup had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

91.     Defendant UniGroup failed in the above-mentioned duties and was therefore negligent.

92.     Defendant UniGroup's negligence was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

93.     As a direct and proximate result of the negligence of Defendant UniGroup, Plaintiffs' next of kin have experienced pecuniary injuries resulting from such death, including damages for past and future grief, sorrow, emotional trauma and mental suffering, as well as loss of society and the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

### ELEVENTH CAUSE OF ACTION
*Negligence—Survival Action Against Defendant UniGroup*

94.     All allegations and causes of action in this Complaint, pled above and below are incorporated into this cause of action by reference.

95.     Plaintiffs bring this Cause of Action under Illinois' Survival Statute, found at 755 ILCS 5/27-6.

96.     Defendant UniGroup had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its subsidiaries' or affiliates' federal motor carrier operating authority and other employees and agents, including Defendant Rahshawn Jordan, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant UniGroup had a duty to exercise reasonable care in all its actions and omissions.

97.     Defendant UniGroup had a duty to instruct, train, create policies and a safety culture and to otherwise ensure that its drivers did not stop their vehicles on the highway while driving a tractor trailer and to ensure that its drivers did not drive when ill.

98.     Defendant UniGroup had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

99.     Defendant UniGroup failed in the above-mentioned duties and was therefore negligent.

100.    Defendant UniGroup's negligence was a direct and proximate cause of the injuries and death of Audria Truelove and the damages described in this Complaint.

101.    As a direct and proximate result of the negligence of Defendant UniGroup, Audria Truelove experienced terror and conscious anguish, suffering and pain prior to her death.

102.   As a direct and proximate result of the negligence of Defendant UniGroup, Audria Truelove's property and personal effects, including her vehicle, clothing and other personal effects, were damaged and destroyed.

**WHEREFORE**, Plaintiffs respectfully requests judgment in Plaintiffs' favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, in addition to costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ Michael Jay Leizerman
Michael Jay Leizerman
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

/s/ Michael Jay Leizerman
Michael Jay Leizerman
Attorney for Plaintiff